IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEX JACKSON,

        Petitioner,

v.

BEN CURRY, Warden,

        Respondent

No. C 08-0923 MMC

**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Alex Jackson's petition for a writ of habeas corpus, filed February 13, 2008, pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner pled guilty to first-degree felony murder, (see Pet. at 3:15-16), and, on July 15, 1983, was sentenced to life imprisonment without the possibility of parole, (see id. Ex. G at 5:1-2). On March 4, 1986, petitioner was re-sentenced to twenty-five years to life imprisonment, with an additional two-year sentence enhancement for using a handgun.[1] (See id. Ex. C.) Petitioner became eligible for parole on December 19, 1998. (See id. Ex. A at 1:6-11.) Petitioner was considered for parole by the State of California Board of Parole

---

[1] It appears that petitioner was also convicted of robbery and kidnaping charges, and sentenced to seven years' imprisonment with respect to each offense, with such sentences to be served concurrently with petitioner's sentence of twenty-five years to life imprisonment. (See id. Ex. B.)

1 Hearings ("BPH") in 1997, 2002, and 2005; on each occasion, the BPH denied petitioner's
2 application for parole. (See id. at 6:2-3, 6-10.) Petitioner subsequently filed, with the
3 California Superior Court, a petition for a writ of habeas corpus for review of the BPH's
4 2005 decision to deny parole. On April 13, 2007, the California Superior Court denied the
5 petition. (See id. Ex. I.) Petitioner thereafter filed a petition in the California Court of
6 Appeals, which denied the petition on June 28, 2007. (See id. Ex. J.) On September 12,
7 2007, the California Supreme Court denied review. (See id. Ex. K.)

## DISCUSSION

### A. Legal Standard

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. Petitioner's Claims

In his petition, petitioner argues the BPH's 2005 decision to deny parole violated petitioner's protected liberty interest in parole, and, consequently, petitioner's due process rights, for the reasons that: (1) the BPH's decision was not supported by the evidence in the record, (see Petition at 11:19-12:23); (2) the BPH's findings were not supported by the evidence in the record, (see id. at 13:1-24:24); (3) the BPH relied on offense facts and other unchangeable factors in denying parole, but failed to articulate a nexus between such factors and the state's standard for parole suitability, (see id. at 25:1-33:6); and (4) the BPH relied on offense facts, an immutable factor, thereby interminably precluding the possibility

| | |
|---|---|
|1| of parole and effectively converting petitioner's sentence to life without the possibility of |
|2| parole, (see id. at 33:8-38:11). |

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted, or, alternatively, to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, as well as a supporting memorandum of points and authorities.

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition, and the Memorandum of Points and Authorities upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 30 days of the date of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondent files an answer, petitioner may, within 30 days thereafter, file a traverse.

**IT IS SO ORDERED.**

Dated: February 27, 2008

MAXINE M. CHESNEY
United States District Judge